DENLER v. DENLER.

DIVORCE—SETTLEMENT OF PROPERTY RIGHTS—MAINTENANCE OF
    CHILD—AGREEMENT—CONSTRUCTION.
    A memorandum of agreement by which plaintiff agreed to dis-
    miss her appeal from a decree granting a divorce between her
    and her husband in consideration of the transfer of certain
    property and other consideration, examined, and *held*, to ob-
    ligate defendant, her husband, to pay for the support of their
    son for one year and clothe him until 21, no provision for his
    support being made by the decree.

Error to Wayne; Brooke, J.    Submitted November 9,
1905.    (Docket No. 110.)    Decided December 15, 1905.

Assumpsit by Catherine Denler against John Denler for
breach of a contract for support.    There was judgment
for plaintiff, and defendant brings error.    Affirmed.

*Samuel W. Burroughs*, for appellant.

*George B. Greening*, for appellee.

OSTRANDER, J.    Plaintiff sued the defendant in jus-
tice's court, basing her right to recover upon a certain
written contract.    An appeal was taken to the circuit
court, where plaintiff recovered, and defendant has
brought the case here by writ of error.    The agreement
between the parties reads as follows:

"Memorandum of agreement, made and entered into
upon the 25th day of October, A. D. 1899, by and between
John Denler, of the city of Detroit, Wayne county, Mich-
igan, and Catherine Denler, of the same place, party of
the second part, `

"Witnesseth as follows:    Whereas, a decree of divorce
a vinculo has heretofore been granted between the parties
above mentioned by the circuit court for the county of
Wayne in chancery by the Honorable Joseph W. Dono-
van, sitting as chancery judge; and, whereas, said Cath-

erine Denler is contemplating an appeal to the Supreme Court of the State of Michigan to review said case; and, whereas, both parties are aware that there are no certainties in litigation, and each desires to settle the questions between the parties hereto:

"Therefore in consideration thereof, the said John Denler hereby agrees to give to Catherine Denler the sum of five hundred dollars immediately, and surrender to her, said Catherine Denler, all claim upon any furniture now in house 268 Columbia Street East, Detroit, and further consents also that the decree in this case be amended to that effect upon his (John Denler's) part, which he hereby does.

"In consideration of which, Catherine Denler, acknowledging the payment of said sum of five hundred dollars in money, and the transfer of said furniture, and the support of the boy Arthur Denler for one year and clothe him until twenty-one years of age, she, the said Catherine Denler, hereby agrees to waive, and she hereby does waive, any right that she may have to appeal and review the said case in the Supreme Court in the State of Michigan, and she, the said Catherine Denler, does hereby yield up any and every claim which she, the said Catherine Denler, may further have upon the said John Denler or his property beyond what is accorded to her by said decree, and the said decree shall stand permanent.

"It is further agreed that the said John Denler shall have the record testimony proposed for appeal.

"In witness whereof the parties hereto set their hands and seals the day and year first above written."

On October 2, 1899, a decree was entered divorcing the parties to this suit and making certain dispositions of property by way of permanent alimony to the wife. Claiming to be dissatisfied with the decree, she took steps to appeal from the decree, and pending the preparation and settlement of a case on appeal the agreement in question was entered into.

The only child of the parties, Arthur Denler, lived with his mother. He was 16 years of age when the parties were divorced. The recovery below was for the amount claimed to have been expended by plaintiff for the support of the son for one year and for the amount expended for his clothing thereafter until he was 21 years of age. If

the agreement of defendant was to support the boy for one year and clothe him until he was 21 years of age, the judgment must be affirmed.   The court below, expressing some doubt as to the real meaning of the words used, permitted parol testimony to be introduced of the actual agreement between the parties.   The errors assigned are based upon rulings made during the trial, upon the charge given to the jury, and the refusal of the court to grant a new trial.   In denying a motion for a new trial, the court said:

"I am constrained to say, upon further examination of the writing itself, that, had oral testimony as to the agreement not been received, I should have construed the agreement, blind and ambiguous as it is, to mean what the jury found the agreement to be."

We think the contract is susceptible of but one reasonable interpretation, and that the one given it below, and that the court should have directed a verdict.   The parties had been divorced.   No provision for maintenance of the child had been made in the decree.   His maintenance was a matter in which both were interested.   The evidence is undisputed that the plaintiff provided for the young man, for support for one year and for clothing for succeeding years, to the extent of the recovery had.   As to the sums of money earned by the young man, it does not appear that they amounted to more than the fair cost of his board.   These conclusions render other questions raised unimportant.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, MONTGOMERY, and HOOKER, JJ., concurred.